## FULTON v TISCHER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1262.  Decided June 30, 1934

John Bricker, Attorney General, Columbus, H. A. Estabrook, Dayton, Sidney G. Kusworm, Dayton, for plaintiff in error.

Legler & Murray, Dayton, for defendant in error.

## OPINION

By BARNES, J.

In our original opinion the term "fiduciary" as used in §10501-59 GC was given an interpretation as would include the plaintiff in error.  In the original briefs of all parties, Ira J. Fulton, Superintendent of Banks was referred to as a "fiduciary."

Our attention is now called to §10506-1 GC as enacted and effective August 1931.  This is a new section and is contained in the Probate Court Code effective August 1931.  This section in part reads as follows:

"Sec 10506-1 GC.  The term 'fiduciary' as used in this act means any person, association or corporation (other than an assignee or trustee for an insolvent debtor or a guardian of the uniform veteran's guardian act) appointed by and accountable to the Probate Court * * *."

The plaintiff in error, Ira J. Fulton, Superintendent of Banks was not appointed by the Probate Court and therefore under the direct provisions of the Code would not be controlled by §10501-59 GC.

Sec 10506-1 GC specifically limits the definition of the term "fiduciary" and the bond section being within the act is limited in positive terms.

In the preparation of our original opinion, we were not aware of the section of the code limiting the term "fiduciary" to appointments made by the Probate Court.

We gave the term the broader definition to which it is entitled (and so recognized by counsel) except for the limited meaning prescribed under the quoted section of the Probate Court Act.

On the sole ground that the provision of the code limits the term "fiduciary" to appointees by the Probate Court, §10501-59 GC can not be given application.  Under this situation, it becomes necessary to reverse our former holding, and we so do.  The judgment of the court below will be reversed and the cause remanded with instructions to hear the exceptions.

Entry may be drawn accordingly.  Exceptions will be allowed.

HORNBECK, PJ, concurs.